IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LESTER BRAD,

    Petitioner,

vs.

JOSE VAZQUEZ, Warden,

    Respondent.

CIVIL ACTION NO.: CV205-102

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Lester Brad ("Brad"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C.A. § 2241. Respondent filed a Motion to Dismiss, and Brad has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

### STATEMENT OF THE CASE

After a jury trial, Brad was convicted[1] in the Middle District of Georgia on one count of violating 21 U.S.C.A. § 846 and on one count of violating 21 U.S.C.A. § 841(a)(1). Brad was sentenced on each count to life imprisonment and ten years' supervised release. (Pet., p. 2.) Brad filed an appeal, and the Eleventh Circuit Court of Appeals affirmed. Brad filed a motion to vacate his sentence pursuant to 28 U.S.C.A. § 2255. The Middle District of Georgia denied this motion. (Mot. to Dismiss, p. 2.)

---

[1] Brad's criminal case was not accessible via PACER, and, as a result, the Court has relied on Brad's recitation of his criminal proceedings.

In his instant petition, Brad asserts that his sentence violates the ex post facto clause of the United States Constitution. Brad contends that the ten years' supervised release imposed upon him on both counts exceeds the statutory maximum sentence he could have received based on the charges he faced. (Pet'r's Mem., p. 2.) Respondent contends that Brad has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241, and, accordingly, his petition should be dismissed. (Mot. to Dismiss, p. 4.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C.A. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.A. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C.A. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the §

2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[2]

Brad has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C.A. § 2241. He contends that the remedy afforded under section 2255 is inadequate or ineffective to test the legality of his detention because the district court failed to liberally construe his section 2255 motion. Brad also contends that sentencing issues are more appropriately brought under section 2241. (Pet., p. 7.)

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Brad has failed to present evidence that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because Brad was unsuccessful in his previously filed § 2255 motion, the remedy afforded by section 2255 cannot be deemed to be inadequate or ineffective to challenge the legality of his detention.

In sum, Brad cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Brad is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

4

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 5) be **GRANTED**, and Brad's petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 6th day of October, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE